# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| RODERICK WRIGHT, | CASE NO. 09cv2666 JM(AJB) |
|---|---|
| Plaintiff, | ORDER DENYING MOTION FOR CLASS CERTIFICATION |
| vs. | |
| GENERAL MOTORS ACCEPTANCE CORPORATION, | |
| Defendant. | |

Plaintiff Roderick Wright, individually and on behalf of a class of similarly situated persons, moves for class certification. Defendant Ally Financial Inc., formerly known as GMAC, erroneously sued as General Motors Acceptance Corporation, ("Ally" or "GMAC") opposes the motion. Pursuant to Local Rule 7.1(d)(1), this matter is appropriate for decision without oral argument. For the reasons set forth below, the court denies the motion for class certification.

## BACKGROUND

On November 25, 2009 Ally removed this action from the Superior Court of California, County of San Diego, pursuant to the Class Action Fairness Act, 28 U.S.C. §§1332(d)(1453(b). (Ct. Dkt No. 1). Ally, the successor in interest to GMAC, is in the business of purchasing and servicing retail installment sales contracts ("RISCs") for motor vehicles that it acquires from dealers in California." (Compl. ¶2).

On April 6, 2007 Plaintiff purchased a motor vehicle for personal use from a dealer in California. (Compl. ¶6). The sale was made pursuant to a RISC. About two years later, Plaintiff

defaulted on the loan and, in July 2009, Ally repossessed the vehicle.

On July 17, 2009 Ally purported to provide Plaintiff with a Notice of Intent ("NOI"), informing him that it intended to sell the car. Plaintiff testified that he received this NOI after August 7, 2009. (Kemp Decl. Exh. C 55:16-569). The NOI also informed Plaintiff that he had the right to reinstate his contract by paying the delinquent charges and reasonable expenses or redeem the vehicle by paying the entire contract balance. (Kemp Decl. Exh. C). The car was sold at auction in October 2009 and the sale proceeds were applied to the balance of the loan, resulting in a deficiency of about $10,000. Subsequently, Ally sought to collect on the deficiency and reported the deficiency to the credit bureaus. Four days before commencing this lawsuit, Plaintiff made a $25 payment to Ally on the deficiency claim.

In broad brush, Plaintiff alleges that the NOI provided by Ally did not comply with the Rees-Levering Automobile Sales Finance Act, Civil Code §§2981 et seq. Plaintiff alleges that the failure to comply with Rees-Levering results in the invalidity of Ally's deficiency claims. Plaintiff alleges that this conduct violates California's Unfair Competition Law, Cal. Bus. & Prof. Code §17200 et seq. ("UCL"). Plaintiff seeks equitable relief, including the return of monies paid by purchasers after the repossession of their vehicles and the cancellation of all deficiency claims.[1]

The Alleged Defective NOIs

Plaintiff identifies two primary deficiencies with the three different versions of the NOI used by Ally during the class period. (Plaintiff's Exhs. 2 - 4). Plaintiff alleges that the NOI in operation between 2005 and mid-December 2009 violated Civil Code §2983.2(a)(2) because it did not fully inform consumers of the amounts and due date of installment payments that would come due between the NOI date and the end of the 20-day period for reinstatement. Plaintiff does not dispute that the amount of the payment identified as of the date of the NOI is correct. However, Plaintiff specifically alleges that the NOI did not identify the following known fees: a local law enforcement agency fee of $15, a $75 redemption fee, and a $23 inspection fee. The NOI also provided:

> The longer you wait to redeem or reinstate, the more you may have to pay to get your vehicle back. Only reasonable expenses may be charged. They must be the direct

---

[1] During the class period, consumers paid $7,859,836 in deficiency payments and there is a total amount owed of $197,202,236 in deficiency payments. (Plaintiff's reply at p.11:19-21).

1  result of taking, storing and selling the vehicle. We may also charge you the costs of getting it ready for sale and reasonable attorney fees, as the law permits.

(Id.). Plaintiff alleges that the failure to make the required disclosures invalidates Ally's deficiency claims.

The second alleged deficiency is contained in all three versions of the NOI. The NOIs provide that consumers could have an additional 10 days to get their vehicles back if they completed the enclosed extension form and returned it to Ally. (Exhs. 2 - 4). The form stated that it had to be returned by certified mail or delivered to the address. The address consisted of a P.O. Box such "that if someone wanted to personally serve the extension form, they would have to call GMAC and ask for instructions." (Motion at p.7:17-18). The failure to provide a physical address for personal service, Plaintiff concludes, invalidates GMAC's right to pursue its deficiency claims.

Uniform Collection Procedures

Plaintiff comes forward with evidence to show that GMAC uses standardized practices to establish deficiency claims and to collect those deficiencies. After the vehicle is sold, GMAC calculates the deficiency and provides the consumer with a repossession accounting statement. (Snel depo at 6:17-25; 8:9-18). GMAC then begins collection efforts which may include they use of collection agencies.

GMAC also reports deficiency claims to the credit bureaus in every case in which a deficiency is owed. (Snel depo. at p.17:5-19). Mr. Snel testified that the reporting of deficiency claims is frequently helpful because many people want to clear their credit report by paying off a deficiency. (Snel depo. at 25:25 - 26:8).

The Class

Plaintiff seeks class certification of a class defined as:

> All California consumer residents whose vehicles were repossessed by or voluntarily surrendered to GMAC or its agents pursuant to a conditional sale contract and against whom GMAC has asserted a deficiency claim during the period beginning four years before the filing of this action (October 23, 2005) to the date of class certification. The class excludes all employees of GMAC and its affiliates and all persons whose conditional sale contract obligations have been discharged in bankruptcy.

(Compl. ¶16). The class period is defined as commencing on or about October 25, 2005 and

continuing to the present.

## DISCUSSION

**Legal Standards**

It is within this court's discretion to certify a class. Bouman v. Block, 940 F.2d 1211, 1232 (9th Cir. 1991). Under Rule 23(a), the class must satisfy four prerequisites:

> (1) numerosity of [parties], (2) common questions of law or fact predominate, (3) the named [party's] claims and defenses are typical, and (4) the named [party] can adequately protect the interests of the class.

Hanon v. Dataproducts, 976 F.2d 497, 508 (9th Cir. 1992). In addition to satisfying the requirements of Rule 23(a), Plaintiff must satisfy at least one of the types of class actions identified in Rule 23(b). Here, Plaintiff argues that the class satisfies both Rule 23(b)(2) (the class is subject to common policies or unlawful acts, justifying injunctive relief) and Rule 23(b)(3) ( questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy).

The party seeking certification bears the burden of showing that each of the four requirements of Rule 23(a), and at least one requirement of rule 23(b), have been satisfied. Dukes v. Wal-Mart Stores, Inc., 603 F.3d 571, 580 (9th Cir. 2010) (en banc). As noted by the Ninth Circuit,

> When considering class certification under rule 23, district courts are not only at liberty to, but must, perform a rigorous analysis to ensure that the prerequisites of Rule 23(a) have been satisfied. It does not mean that a district court must conduct a full-blown trial on the merits prior to certification. A district court's analysis will often, though not always, require looking behind the pleadings, even to issues overlapping with the merits of the underlying claims.

Id. at 581. In making this showing, the plaintiff must submit evidence to support class certification under Rules 23(a) and (b). Doninger v. Pacific Northwest Bell, Inc., 564 F.2d 1304, 1308-09 (9th Cir. 1977). If the court is not satisfied that all elements of class certification are satisfied, class certification should be denied. Gen. Tel. Co. v. Falcon, 457 U.S. 147, 161 (1982).

**Rule 23(a)**

<u>Ascertainability of the Class</u>

As a threshold issue, GMAC largely argues that the class definition is too ambiguous because

the Rees-Levering Act only applies to vehicles purchased primarily for personal or family purposes and the class definition may include some vehicles purchased primarily for commercial purposes. The court concludes that this concern does not defeat the ascertainability of the class.

A class definition must be "precise, objective, and presently ascertainable." O'Connor v. Boeing North Am., Inc., 197 F.R.D. 404, 416 (C.D.Cal.2000) "An adequate class definition specifies 'a distinct group of plaintiffs whose members [can] be identified with particularity.' " Campbell v. PricewaterhouseCoopers, LLP, 253 F.R.D. 586, 593 (E.D.Cal.2008) (quoting Lerwill v. Inflight Motion Pictures, Inc., 582 F.2d 507, 512 (9th Cir.1978)). The class is defined as:

> All California consumer residents whose vehicles were repossessed by or voluntarily surrendered to GMAC or its agents pursuant to a conditional sale contract and against whom GMAC has asserted a deficiency claim during the period beginning four years before the filing of this action (October 23, 2005) to the date of class certification. The class excludes all employees of GMAC and its affiliates and all persons whose conditional sale contract obligations have been discharged in bankruptcy.

The court concludes that this class definition is sufficiently definite such that its members can be ascertained by reference to objective criteria. Plaintiff comes forward to show that GMAC identifies each vehicle sales contract, based upon information supplied by the consumer, to determine whether the sale was intended for personal use or commercial use. (Salinas-Diaz depo. at 33:15 - 34:19). As only those consumers who purchased their vehicles for personal use were provided with NOIs (a prerequisite for application of Rees-Levering), the class is sufficiently identified based upon objective criteria. The fact that a few of the contracts may have been mislabeled as "personal use contracts," does not defeat the ascertainability of an objective and presently identifiable class.[2]

In sum, the class is ascertainable.

Numerosity

The parties do not dispute that the class, consisting of approximately 18,796 class members, is so numerous that joinder of all class members is impracticable.

Commonality

Commonality "focuses on the relationship of common facts and legal issues among class members." Id. at 599. "The fact that there is some factual variation among the class grievances will

---

[2] The court notes that any factual disputes concerning the few wrongfully categorized sales contracts can be dealt with as discovery progresses, not on this motion for class certification.

1 not defeat a class action . . . . A common nucleus of operative facts is usually enough to satisfy the
2 commonality requirement of Rule 23(a)(2)." Rosario v. Livaditis, 963 F.2d. 1013, 1018 (7th Cir.
3 1992). To justify class action treatment, there must be issues "common to the class as a whole" and
4 the relief must "turn on questions of law applicable in the same manner to each member of the class."
5 General Tel. Co. Of Southwest v. Falcon, 457 U.S. 147, 155 (1982). As noted by the Supreme Court,
6 the commonality and typicality requirements of Fed.R.Civ.P. 23(a) "tend to merge . . . [but both] serve
7 as guideposts for determining whether . . . maintenance of a class action is economical and whether
8 the named plaintiff's claim and the class claims are so interrelated that the interests of the class
9 members will be fairly and adequately protected in their absence." Gen'l Tel., 456 U.S. at 157 n.13.

10 The court concludes that the two claims identified by Plaintiff (failure to disclose all costs and
11 fees associated with the NOI and failure to provide a physical address for personal service in the
12 extension notice) are common to all members of the class.

13 Typicality

14 This requirement provides that the class representative must have claims typical of those of
15 the class. Fed.R.Ci.P. 23(a)(3). "The test of typicality 'is whether other members have the same or
16 similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and
17 whether other class members have been injured by the same course of conduct." Hanon. 976 F.2d at
18 508. The purpose of the typicality requirement is to assure that the interest of the named
19 representative aligns with the interests of the class." Id.

20 GMAC argues that Plaintiff's claims are not typical of the class because he has not been
21 harmed by the alleged misrepresentations contained within the NOIs because Plaintiff testified that
22 he did not receive the NOI until at least August 7, 2009, after the 15-day redemption and reinstatement
23 period of Civil Code §2983.2 had expired, (Wright Depo. at 55:16-56:9). As Plaintiff's injury is
24 atypical, GMAC concludes that Plaintiff's claim is subject to different proof than that of the other
25 purported class members.

26 On the present record, the court is concerned that Plaintiff's claim is atypical to the class
27 claims because he never timely received the NOI. Such a showing would demonstrate a violation of
28 Rees-Levering and prevent GMAC from seeking a deficiency judgment. Civil Code §2983.8.

1  However, this showing is unique to Plaintiff and has no bearing on the class claims that (1) the NOI
2  failed to disclose all fees and (2) the NOI failed to disclose an actual physical address for those
3  consumers who desired to make personal service on GMAC. The harm suffered by Plaintiff arises
4  from the failure to timely receive the NOI, and not the contents of the NOI. In this sense, Plaintiff's
5  claim is unique and not typical of the class claims.

6  In his reply, Plaintiff argues that his efforts to reinstate the loan do not render his claim
7  atypical. (Reply at p.5:12-6:12). This argument misses wide of the mark. Here, Plaintiff's burden
8  is to show that he was injured in the same manner as the other class members. Hanon, 976 F.2d at
9  508. On the present record and to prevail on the merits of Plaintiff's claims, he need not demonstrate
10 that he suffered any injury from the alleged omissions of the estimated costs and the lack of an actual
11 physical address to personally serve the 10-day extension form. Rather, the failure to timely provide
12 a NOI, and the other disclosures mandated by Rees-Levering, invalidates any deficiency claim that
13 GMAC may have. Civil Code §2983.2. Unlike class members who timely received the NOI, Plaintiff
14 suffered injury when he was not timely provided with the NOI. Accordingly, the court concludes that
15 Plaintiff's claims are not reasonably coextensive with those of absent class members.

16 In sum, the court concludes that Plaintiff fails to satisfy the typicality requirement.

17 <u>Adequacy</u>

18 In broad brush, the adequacy of the class representative is satisfied where the representative
19 employs competent counsel, the representative's interests are not antagonistic to the remainder of the
20 class, and the representative will vigorously prosecute the action on behalf of the class. <u>In re Mego
21 Fin'l Corp. Secur. Litig.</u>, 213 F.3d 454, 462 (9th Cir. 2000). Here, the court concludes that Plaintiff is
22 not an adequate class representative because his claims are not coextensive with those of absent class
23 members. As discussed above, to prevail on his individual claims under Rees-Levering, Plaintiff need
24 only show that he did not receive the NOI within the 15-day redemption period. The class, in contrast,
25 must make a different evidentiary showing: the NOI contains material misrepresentations and/or
26 omissions. Under these circumstances, the court finds that Plaintiff is an inadequate class
27 representative.

28 Finally, as Plaintiff fails to establish that the prerequisites for class certification are satisfied,

1 | the court need not address whether class certification is appropriate under Rule 23(b).

2 |      In sum, the motion for class certification is denied.

3 | **IT IS SO ORDERED.**

4 | DATED: February 22, 2011

_____
Hon. Jeffrey T. Miller
United States District Judge

7 | cc:     All parties