UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK WRIGHT,<br><br>                       Plaintiff,<br>vs.<br>GENERAL MOTORS ACCEPTANCE CORPORATION,<br><br>                       Defendant. | CASE NO. 09cv2666 JM(AJB)<br><br>ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEY'S FEES |

       Defendant Ally Financial Inc., formerly known as GMAC, erroneously sued as General Motors Acceptance Corporation ("Ally" or "GMAC"), moves for an award of attorney's fees and costs. Plaintiff Roderick Wright ("Wright" or "Plaintiff") opposes the motion. Pursuant to Local Rule 7.1(d)(1), this matter is appropriate for decision without oral argument. For the reasons set forth below, the court denies the motion for attorney's fees.

## BACKGROUND

       On November 25, 2009, Ally removed this action from the Superior Court of California, County of San Diego, pursuant to the Class Action Fairness Act, 28 U.S.C. §§1332(d)(1453(b). (Ct. Dkt No. 1). Ally, the successor in interest to GMAC, is in the business of purchasing and servicing retail installment sales contracts ("RISCs") for motor vehicles that it acquires from dealers in California." (Compl. ¶2). Plaintiff purchased a motor vehicle pursuant to a RISC.[1]

---

[1] The court incorporates its previous orders herein. (Ct. Dkt. 51, 83).

On January 25, 2012, the court granted GMAC's motion for summary, denied Plaintiff's motion for summary judgment, and closed the file. (Ct. Dkt. 83). As noted in the order on the cross-motions for summary judgment, Plaintiff brought a single claim under the UCL, seeking only equitable relief, and using Rees-Levering to establish the predicate for the UCL claim. Ally now contends that it is entitled to an award of attorney's fees based upon the attorney's fees provision contained in the RISC or, alternatively, pursuant to the attorney's fees provision of Rees-Levering.

**DISCUSSION**

The Contractual Attorney's Fees Provision

GMAC contends that it is entitled to its attorney's fees pursuant to the contractual attorney's fees provision contained in the RISC and by operation of Cal. Code Civ. Proc. §1717. Before addressing §1717, the court first turns to the alleged attorney's fees provision. GMAC represents that the attorney's fees provision can be found at two different locations in the record. (Ct. Dkt. 65-3, Exh. A ¶3(c); 68-2, Exh. A ¶3(c)). The cited portions of the record are simply not legible. The court has magnified the alleged attorney's fees provision by 400% and it is still not legible. Consequently, GMAC fails to meet its burden of showing that there is a contractual provision permitting the court to award attorney's fees.[2]

In sum, the court declines to award attorney's fees because GMAC fails to meet its burden to show that there is an attorney's fees provision in the RISC.

Rees-Levering

Alternatively, GMAC contends that it is entitled to a fee award under Civil Code Section 2983.4. That provision provides that "[r]easonable attorney's fees and costs shall be awarded to the prevailing party in any action on a contract or purchase order subject to the provisions of this chapter regardless of whether the action is instituted by the seller, holder or buyer." Cal. Civ. Code §2983.4. "Under section 2983.4 th[e] action need only be on a contract subject to the Rees-Levering Act, not an action to enforce such a contract." Cobian v. Ordonez, 103 Cal.App.3d 718 (1987).

In Davis v. Ford Motor Company, 179 Cal.App.4th (2009), the plaintiff alleged that

---

[2] The court notes that Plaintiff submits an exemplar of a portion of a RISC. (93-1, Exh. 1 ¶3(c)). However, there is no evidence before the court that this is the same RISC entered into by Plaintiff and GMAC.

1  defendant's practice of charging late fees was prohibited by Rees-Levering and actionable under the
2  UCL. The plaintiff, like the Plaintiff here, alleged a claim under the UCL with the alleged Rees-
3  Levering violation serving as a predicate for the UCL claim. Under these circumstances, <u>Davis</u> held
4  that the prevailing party could not recover attorney's fees:

> [A]lthough the underlying transaction was subject to the provisions of Rees-Levering, the action was not prosecuted under Rees-Levering. Davis did not sue directly under Rees-Levering - rather, the alleged Rees-Levering violation was merely a predicate to the complaint's UCL claims. We hold Rees-Levering's reciprocal fee provision is inapplicable when an alleged Rees-Levering violation is merely a predicate to a UCL claim, in that the public policy underlying the UCL must prevail over the reciprocal fee provision of Rees-Levering.

9  <u>Id.</u> at 601. Accordingly, the court declines to award attorney's fees under Rees-Levering.
10       GMAC argues that <u>Davis</u> was wrongly decided and should be disregarded because (1) Cal. Civ.
11  Proc. §2983.4 provides for an award of attorney's fee pursuant to any action on a contract and (2) the
12  California Supreme Court rejected a similar argument to that raised in <u>Davis</u>. The court rejects
13  GMAC's arguments because <u>Davis</u> is factually and legally similar to the case at bar and the California
14  Supreme Court has not overruled <u>Davis</u>.
15       In sum, the court denies the motion for attorney's fees and costs.
16       **IT IS SO ORDERED.**
17  DATED: April 23, 2012

_____
Hon. Jeffrey T. Miller
United States District Judge

cc:     All parties